## FREEMAN v. FREEMAN.

Where in chancery the order for the appearance of a non-resident defendant in a divorce case, was not in compliance with sec. 12, ch. 2, tit. 7, part 2, R. S. 1838, but was the same as in other cases of non-resident defendants, the decree of the chancellor granting a divorce was reversed for want of jurisdiction.

APPEAL from the Court of Chancery, third circuit. A petition for a divorce was filed against a non-resident defendant, under R. S. 1838, and the following order was made for the appearance of the defendant, viz:

"Melancton Freeman, petitioner, v. Rebecca Freeman, respondent.— It satisfactorily appearing to this court that the defendant in this cause, Rebecca Freeman, is not a resident of this state, but that she resides in the city of New York: On motion of Johnson and Martin, solicitors for petitioner, it is ordered, that the said defendant cause her appearance in this cause to be entered within four months from the date of this order, and that, in case of her appearance, she cause her answer to said petition to be filed, and a copy thereof to be served on the petitioner's solicitors within forty days after service of a copy of said petition and notice of this rule, and in default thereof said petition be taken as confessed by said defendant. And it is further ordered, that within twenty days the said petitioner cause a copy of this order to be published in the state paper, and that said publication be continued in said paper at least once a week, for eight weeks in succession, or that he cause a copy of this order to be personally served on said defendant at least twenty days before the time above provided for her appearance."

Which order was published as therein required; and the defendant not appearing, and testimony having been taken in the cause according to the rules and practice of the court, a decree was granted for a divorce from the bonds of matrimony.

The court held: 1. That as the order did not comply with sec. 12, ch. 2, tit. 7, part 2, R. S. 1838, the decree was wholly void for want of jurisdiction in the court. 2. That the order for the appearance of the respondent should have included a notice *of the nature of the petition.*

*Campbell,* for the appellant.

*Lothrop and Duffield,* for respondent.